# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

James Moris, individually and as
Trustee for the next of kin of
Melanie M. Moris,

Civil No. 14-4981 (SRN/SER)

Plaintiffs,

**MEMORANDUM OPINION
AND ORDER**

v.

Chrysler Group, LLC, a Delaware
limited liability corporation;
DaimlerChrysler Canada, Inc., a foreign
corporation; and Chrysler Canada, Inc.,
a foreign corporation,

Defendants.

---

Paul J. Komyatte, The Komyatte Law Firm, LLC, 1536 Cole Blvd., Suite 300, Lakewood, CO 80401, and Paul F. McEllistrem, McEllistrem, Fargione, Landy, Rorvig & Eken, P.A., for Plaintiff.

Mary E. Bolkcom and Mickey W. Greene, Hanson Bolkcom Law Group, Ltd., 527 Marquette Ave., Suite 2300, Minneapolis, MN 55402, and Terrence C. Thom, Stafford Rosenbaum LLP, 1200 North Mayfair Rd., Suite 430, Milwaukee, WI 53226, for Defendants Chrysler Canada, Inc., and Chrysler Group, LLC

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff's Motion to Remand to State Court [Doc. No. 12].) For the reasons stated below, the Court grants in part and denies in part Plaintiff's motion. Plaintiff's motion to remand this matter to the Hennepin County District Court is granted and Plaintiff's request for attorney's fees and costs is denied.

## I.      BACKGROUND

Plaintiff James Morris initially filed this wrongful death action in 2013 in

Hennepin County District Court against Defendants Chrysler Group LLC ("Chrysler

Group"), DaimlerChrysler Corporation ("DCC"), DaimlerChrysler Canada Inc.

("DaimlerChrysler Canada"), and Chrysler Canada, Inc. ("Chrysler Canada").[1]  Morris

asserted several claims, including strict liability, negligence, and breach of warranty,

against Defendants related to the fatal injuries sustained by his wife Melanie M. Moris in

the operation of her Chrysler Town & Country minivan in November 2011.  (See Compl.

[Doc. No. 1-1].)

At all relevant times, Plaintiff, the appointed trustee of his wife's estate, was a

Minnesota resident residing in Maplewood, Minnesota.  (Notice of Removal ¶ 12 [Doc.

No. 1].)  Defendant Chrysler Canada is a Canadian corporation with its principal place of

business in Canada and is a citizen of a foreign state.  (Id. ¶ 13[Doc. No. 1].)   Defendant

Chrysler Group is a Delaware limited liability company.  (Compl. ¶ 3; Second Am.

Compl. ¶ 3 [Doc. No. 1-6]; Notice of Removal ¶ 14 [Doc. No. 1].)  Plaintiff asserts that as

a result of the formation of Chrysler Group following the bankruptcy of non-party

Chrysler LLC, "Chrysler Group is owned in part by the U.S. federal government and thus

is a resident and citizen of Minnesota."  (Second Am. Compl. ¶¶ 3-4 [Doc. No. 1-6].)

---

[1]  Counsel for Chrysler Canada notes that Defendants' names recently changed from Chrysler Group to FCA US, LLC and from Chrysler Canada to FCA Canada, Inc. (Thom Aff. ¶ 1 [Doc. No. 26].)  For the sake of clarity, however, the Court refers to the parties by the names that appear in the caption of the suit – Chrysler Group and Chrysler Canada.

Defendant DaimlerChrysler Canada Inc. ("DaimlerChrysler Canada"), which is alleged to have manufactured and sold the Town & Country minivan in question, is a foreign corporation believed to be headquartered in Ontario, Canada. (Compl. ¶ 8 [Doc. No. 1-1]; Second Am. Compl. ¶ 8 [Doc. No. 1-6]; Notice of Removal ¶ 15 [Doc. No. 1].) Plaintiff alleges that DaimlerChrysler Canada is a predecessor entity to Chrysler Canada.[2] (Compl. ¶ 8 [Doc. No. 1-1]; Second Am. Comp. ¶ 8 [Doc. No. 1-6].)

The original Complaint was served on Chrysler Group on or about October 10, 2013. (Notice of Removal ¶ 1 [Doc. No. 1].) Shortly thereafter, Chrysler Group participated in formulating a discovery plan and a scheduling order. (Joint Rule 26 Discovery Plan, Ex. A to Pl.'s Mem. [Doc. No. 18-1].) Plaintiff served Chrysler Group with the First Amended Complaint on January 13, 1014. (Def.'s Mem. at 3 [Doc. No. 25].)

After Plaintiff served Chrysler Canada with the Summons, Complaint, and First Amended Complaint in March 2014, Chrysler Canada filed an earlier Notice of Removal to this Court on April 30, 2014. (Notice of Removal ¶ 4 & Ex. 4 [Doc. Nos. 1 & 1-9].) Likewise, Plaintiff then filed a previous motion seeking remand to state court, arguing that Chrysler Canada failed to demonstrate complete diversity of the parties at the time the matter was commenced. (Id. ¶ 5 & Ex. 5 [Doc. Nos. 1 & 1-10].) The parties resolved the matter by stipulation, agreeing to remand the case to state court. (Id. ¶ 6 & Ex. 6

---

[2] Although DCC was also originally named a defendant in the Complaint and First Amended Complaint, it was not named a defendant in the Second Amended Complaint, nor is it a party to this removal action.

[Doc. Nos. 1 & 1-11].)  Also, the parties subsequently agreed to the dismissal without

prejudice of Chrysler Canada, subject to certain rights of Plaintiff to refile his claims

against Chrysler Canada following the close of discovery.  (Id. ¶ 7 & Ex. 7 [Doc. Nos. 1

& 1-12].)   Chrysler Canada's dismissal without prejudice was partly based on Chrysler

Group's representations that Chrysler Canada was not a necessary party to the lawsuit.

(Stip. at 1 [Doc. No. 1-12].)  The parties further agreed

> that if information is learned in discovery that would indicate that any of the
> dismissed parties are proper parties to the present lawsuit and/or if Plaintiff
> otherwise determines that any of the dismissed parties are proper parties to
> the present lawsuit, then Plaintiff may refile his claims against the
> dismissed parties. Plaintiff agrees to seek to refile any such claims against
> the dismissed parties within thirty (30) days of the close of the discovery
> period. If Plaintiff does not seek to refile any claims against the dismissed
> parties within thirty (30) days of the close of discovery, the voluntary
> dismissal against the dismissed parties shall become a dismissal with
> prejudice.

(Id. at 2.)

After obtaining certain discovery, and within thirty days of the close of discovery,

Plaintiff moved to file the Second Amended Complaint in Hennepin County District

Court, seeking to add Chrysler Canada as a defendant.  (Notice of Removal ¶ 9 [Doc. No.

1].)  Following a December 4, 2014 hearing, the state court granted Plaintiff's motion.

As directed by the court, Plaintiff re-served the Summons and Second Amended

Complaint on Chrysler Canada on December 8, 2014.  (Thom Decl. ¶ 14 [Doc. No. 26].)

Within three days, Chrysler Canada removed the matter to this Court a second time,

alleging jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship and an

amount in controversy in excess of $75,000.  (Notice of Removal ¶¶ 15-16 [Doc. No. 1].)

The following day, Plaintiff filed the instant motion to remand.

The central issue in this motion is the citizenship of Chrysler Group.  In support of removal, Chrysler Canada alleges that neither Chrysler Group nor any of its members are currently citizens of Minnesota.  (Id. ¶ 14.)  Rather, it asserts that each of Chrysler Group's fourteen current members are limited liability companies, with citizenship as follows: (1) Fiat North American LLC is a Delaware limited liability company whose sole member is Fiat Netherlands, with its principal place of business in London, England; and (2) thirteen holding companies are also members, each of which is a Delaware limited liability company, and each of which has as its sole member Fiat North American LLC. (Id.)  However, Chrysler Canada acknowledges that previously – when Chrysler Group was served with the original Complaint and the First Amended Complaint – Chrysler Group was partially owned by the United Auto Workers Retiree Medical Benefits Trust (the Voluntary Employee Benefits Trust, or "VEBA Trust").  (Def.'s Opp'n Mem. at 3 [Doc. No. 25].)  Chrysler Canada further acknowledges that "[t]he VEBA Trust had beneficiaries throughout the country, including some who were citizens of Minnesota," (id.; see also Pl.'s Ex. D [Doc. No. 18-4]), and acknowledges that complete diversity did not exist when Chrysler Group was first served with process.  (Def.'s Opp'n Mem. at 7, n.1 [Doc. No. 25].)  However, in early 2014, after Plaintiff served Chrysler Group with the Complaint and the First Amended Complaint, but before Plaintiff served Chrysler Canada, the VEBA Trust sold its interest in Chrysler Group.  (Def.'s Opp'n Mem. at 4 [Doc. No. 25].)   Reorganized as a limited partnership with Delaware citizenship,

Chrysler Group is not currently a citizen of Minnesota.  (Id.)

Because of the subsequent change in Chrysler Group's citizenship, Chrysler Canada contends that removal was proper, as the citizenship of Plaintiff and Defendants is now completely diverse.  Plaintiff, however, argues that this Court lacks subject matter jurisdiction.  Specifically, Plaintiff contends that the action is not removable because it could not have been removed when the case was originally commenced.  In addition, Plaintiff argues that because the Notice of Removal was filed after the one-year time limitation set forth in 28 U.S.C. § 1446(c)(1), removal was untimely.  In opposition, Chrysler Canada argues that "commencement" of the action occurred when Plaintiff served the Second Amended Complaint on Chrysler Canada in December 2014, at which time the parties were diverse.  Chrysler Canada also contends that removal occurred within the one-year limit.

## II.    DISCUSSION

An action brought in state court may be removed to federal court if it could have originally been filed in federal court.  28 U.S.C. § 1441(a).  The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence.  Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005).  A plaintiff may move to remand a matter to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  Junk v. Terminix Int'l Co., 628 F.3d 439, 446 (8th Cir. 2010) (citation omitted).

Defendants allege that this Court has jurisdiction over this matter based on diversity of citizenship.  (Notice of Removal at 2 [Doc. No. 1].)   Diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of citizenship of the litigants."  OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  Id.

Under the removal statute, if removal is solely based on diversity of citizenship, as is the case here, removal is prohibited if any of the properly joined and served defendants is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(2).  The relevant point in time for purposes of establishing Section 1332 diversity jurisdiction "depends on the citizenship of the parties at the time the action is commenced."  Chavez-Lavagnino v. Motivation Educ. Training, Inc., 714 F.3d 1055, 1056 (8th Cir. 2013) (citing Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570-71 (2004)).  The definition of when an action is "commenced" is dependent on state law.  See Winkels v. George A. Hormel & Co., 874 F.2d 567, 570 (8th Cir. 1989) (stating "a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court. . . .")   Under Minnesota law,"a civil action is commenced against each defendant" when "the summons is served upon that defendant."  Minn. R. Civ. P. 3.01(a).  Chrysler Canada acknowledges that when Chrysler Group was served with the original Complaint and the First Amended Complaint,

Chrysler Group was partially owned by the VEBA Trust, whose beneficiaries included citizens of Minnesota. (Def.'s Opp'n Mem. at 3 [Doc. No. 25].)  Chrysler Canada accepts Plaintiff's position that Chrysler Group was non-diverse when Chrysler Group was initially served.  (Id. at 7, n.1.)

The Eighth Circuit has held that although "a jurisdictional defect at the time of commencement can be cured by *dismissal* of the non-diverse party," Chavez-Lavagnino, 714 F.3d at 1056 (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 64 (1996)), "it cannot be remedied by a 'change in the citizenship of the continuing party.'"  Id. (quoting Grupo Dataflux, 541 U.S. at 575).  Here, it is the citizenship of the continuing party – Chrysler Group – that was initially non-diverse.  "The parties must be diverse *both when the plaintiff initiates the action in state court* and when the defendant files the notice of removal in federal court."  Id. (emphasis added) (citing Gibson v. Bruce, 108 U.S. 561, 563 (1883); Knudson v. Sys. Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011); 14B Charles A. Wright, Arthur B. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3723, at 695-700 (4th ed. 2009)).  The rationale for the rule is "to prevent defendants from manipulating jurisdiction by changing their citizenship after the plaintiff has filed its suit in state court."  Knudson, 634 F.3d at 975 (citing Gibson, 108 U.S. at 563).

While Chrysler Canada concedes that Chrysler Group was not diverse when the action was commenced, the Court nonetheless examines the issue separately, as it is dispositive of the question of subject matter jurisdiction.  While there appears to be no

Eighth Circuit authority on whether the citizenship of a trust's beneficiaries must be

considered for purposes of diversity jurisdiction, the Supreme Court's holding in Carden

v. Arkoma Assocs., 494 U.S. 185 (1990), provides authority in a related context.  In

Carden, the Court held that a limited partnership's citizenship is determined by the

citizenship of all of its general and limited partners.  Id. at 195 (finding that "[i]n sum, we

reject the contention that to determine, for diversity purposes, the citizenship of an

artificial entity, the court may consult the citizenship of less than all of the entity's

members").  The Court acknowledged that its case law pertaining to citizenship and

diversity jurisdiction is "technical, precedent-bound, and unresponsive to policy

considerations raised by the changing realities of business organization."  Id. at 196.

After acknowledging the inconsistency between its own precedent and the realities of the

business world, the Court noted that it was Congress's role and responsibility to make

"further adjustments."  Id. at 196-97 (finding that "the course we take today does not so

much disregard the policy of accommodating our diversity jurisdiction to the changing

realities of commercial organization, as it honors the more important policy of leaving

that to the people's elected representatives," and explaining that Congress made such a

policy decision in 1958 when it passed a law "providing that a corporation shall be

deemed a citizen not only of its State of incorporation but also 'of the State where it has

its principal place of business'").

    Although the Supreme Court analyzed the citizenship of limited partnerships in

Carden, as opposed to trust beneficiaries, the principles articulated in Carden apply with

equal force to this case.  Moreover, at least one other district court has applied the

principles of <u>Carden</u> when determining the citizenship of the VEBA Trust in an action

against Chrysler Group.  In <u>Berry v. Chrysler Group, LLC</u>, No. No. H–12–1492, 2013

WL 416218, at *3-7 (S.D. Tex. Jan. 31, 2013), the court found that "[t]he broad

statements in <u>Carden</u> concerning artificial entities – without restriction other than for

corporations – lead this Court to conclude that the lower federal courts must consider the

citizenship of beneficiaries of trusts as 'members' of the trust, an artificial entity, in

diversity of citizenship analyses." (citing <u>Carden</u>, 494 U.S. at 195).  The court in

<u>Berry</u> noted that the Fifth Circuit has recognized, in numerous contexts, that <u>Carden</u>

stands for the proposition that an artificial entity is deemed to have the citizenship of all

of its members, <u>id.</u> at *7 (citing <u>Corfield v. Dallas Glen Hills L.P.</u>, 355 F.3d 853, 865 (5th

Cir. 2002), and that while some other circuit courts of appeal have held that the

citizenship of a trust is determined solely by its trustees, those decisions have done so

without analysis of <u>Carden</u>.  <u>Id.</u> (citing <u>Grede v. Bank of N.Y. Mellon</u>, 598 F.3d 899, 901

(7th Cir. 2010); <u>Johnson v. Columbia Props. Anchorage, L.P.</u>, 437 F.3d 894, 899 (9th Cir.

2006); <u>Homfeld II, L.L.C. v. Comair Holdings, Inc.</u>, 53 F. App'x 731, 732 (6th Cir.

2002); <u>May Dep't Stores Co. v. Fed. Ins. Co.</u>, 305 F.3d 597, 599 (7th Cir. 2002); <u>E.R.

Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.</u>, 160 F.3d 925, 931 (2d Cir. 1998)).

Again, while the Eighth Circuit has not addressed this precise issue as it relates to

business trusts, it has favorably discussed the Supreme Court's holding in <u>Carden</u> in

finding that the citizenship of the members of a limited liability company determine the

company's citizenship.  GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357

F.3d 827, 828-29 (8th Cir. 2003).  Accordingly, based on these principles, Chrysler

Group's citizenship when this action was commenced in October 2013 is determined by

looking at the citizenship of all of the VEBA Trust's beneficiaries – including

beneficiaries residing in Minnesota.  As a result, Chrysler Group was non-diverse from

Plaintiff when this action was commenced, which Chrysler Canada itself concedes.

(Def.'s Opp'n Mem. at 7, n.1 [Doc. No. 25].)

While Chrysler Canada argues that Minnesota's statute concerning the timing of

"commencement of a civil action" makes removal here proper, the Court disagrees.

Regardless of whether commencement occurs upon service of the summons – as is the

case under Minnesota law – or upon filing of the complaint, diversity must exist *both*

when the action is initiated in state court and when the defendant files to remove the

action to federal court.  Chavez-Lavagnino, 714 F.3d at 1056.  Given that all doubts

concerning federal jurisdiction should be resolved in favor of remand, Junk, 628 F.3d at

446, and that Chrysler Canada accepts Plaintiff's position that Chrysler Group was non-

diverse when initially served (Def.'s Opp'n Mem. at 7, n.1), the Court finds that Chrysler

Canada has failed to establish by a preponderance of the evidence that Chrysler Group

was diverse from Plaintiff at the time that Plaintiff commenced the action.  Altimore, 420

F.3d at 768.  Rather, the Court finds that Chrysler Group was a citizen of Minnesota.

Because Chrysler Group was non-diverse at the time of commencement of this action, the

subsequent change in its citizenship did not render this case removable.

Even setting aside the citizenship of the VEBA Trust beneficiaries, removal here was also untimely.   The action commenced when Plaintiff served Chrysler Group with the Complaint in October 2013.  Chrysler Canada removed this action over a year later, in December 2014.  Chrysler Canada contends that it sought removal under Section (b)(1), which provides:

> **(b) Requirements; generally. – (1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Id. at § 1446(b)(1).  Section (b) concerns general removal requirements.  Even if § (b)(1) were applicable, the initial pleading was served in October 2013, long before Chrysler Canada removed this action in December 2014.  The Court finds that as between § (b)(1) and (b)(3), § (b)(3) is the applicable provision here, as it applies to cases that are not initially removable, such as this case:

> **(b) Requirements; generally. – (3)** *Except as provided in subsection (c)*, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added).  While Chrysler Canada argues that it properly sought removal within 30 days of being served with a summons, it ignores the exception mentioned above in § (b)(3).  This exception, found in subsection (c), specifically applies to removal based on diversity of citizenship and is directly applicable here:

> **(c) Requirements; removal based on diversity of citizenship. – (1)** A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

Id. at § 1446(c)(1).  Because this action was removed based on diversity of citizenship, removal must have occurred within one year of the commencement of the action.

Chrysler Canada contends that by being added to the suit again in December 2014, Plaintiff "commenced" a new civil action for purposes of the one-year time limitation. Other courts, addressing the argument asserted by Chrysler Canada here, have noted that "[t]he removal statutes only permit removal of entire 'civil actions' that are based on diversity jurisdiction; defendants are not allowed to remove pieces of a state court case. . . ."  In re Pikeville Sch. Bus Collision Cases, Nos. 11-158-ART, 11-159-ART, 2011 WL 6752564, at *4 (E.D. Ky. Dec. 23, 2011) (collecting cases, and noting that "nearly every other court" has rejected the argument that the one-year bar does not begin to run until later-added defendants are joined); see also Williams v. Pegnato & Pegnato Roof Mgmt., Inc., 619 F. Supp. 2d 420, 427 (N.D. Ohio 2008) (finding action time-barred by one-year limitation, using date of commencement of original action, instead of date on which the removing defendants were added as parties).  The plain language of the statute provides that removal in diversity suits may not occur "more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1) (emphasis added).   Had Congress intended the removal limitation period to be applied separately to each defendant based on whenever they were joined, it could have added language to that effect, barring removal "more than

13

1 year after commencement of the action *against each defendant*."   <u>See</u> <u>In re Pikeville</u>, 2011 WL 6752564, at *5 (citations omitted).   Congress did not choose to do so.

While Chrysler Canada cites some authority for the proposition that Minnesota courts have found that "commencement" may be determined on a defendant-by-defendant basis, Defendant's authority is factually inapposite and does not arise in the context of removal.  (Def.'s Opp'n Mem. at 9 [Doc. No. 25]) (citing <u>Thomas v. Hallberg Constr. & Supply, Inc.</u>, No CX-88-1237, 1989 WL 12426, at *3 (Minn. Ct. Appl. Feb. 21, 1989) (discussing "commencement" as it relates to prejudgment interest); <u>Johnson v. Davis</u>, 207 N.W. 23 (Minn. 1926) (discussing "commencement" as it relates to substituted defendants).  Nor does Chrysler Candidate attempt to reconcile its position with the Eighth Circuit's holding in <u>Chavez-Lavagnino</u>.

Finally, Chrysler Canada argues that even if § 1446(c)(1) applies, Plaintiff has engaged in bad faith, which prevented Chrysler Canada from removing the action in accordance with the one-year limitation period.  (Def.'s Opp'n Mem. at 18 [Doc. No. 25].)  The Court disagrees.  Pursuant to the parties' stipulation of dismissal without prejudice, if Plaintiff determined that Chrysler Canada was a proper party to the lawsuit, he could refile his claims against Chrysler Canada within a thirty-day period.  Plaintiff did so.  In so doing, there is no evidence that Plaintiff acted in bad faith to prevent Chrysler Canada from removing this action.  Because this action was commenced in October 2013, the one-year period expired in October 2014.  Chrysler Canada's removal in December 2014 was therefore untimely as a matter of law.

Plaintiff requests his costs and fees related to the motion to remand.  Upon remand, the payment of costs incurred by the non-removing party is within the discretion of the court.  28 U.S.C. § 1447(c).  The Court, in its discretion, declines to award such costs here.

**III.    ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to Remand to State Court [Doc. No. 12]) is **GRANTED IN PART AND DENIED IN PART** as follows: Plaintiff's motion to remand is **GRANTED** and Plaintiff's request for costs and fees is **DENIED**; and

2.      This matter is **REMANDED** to the District Court for the Fourth Judicial District, Hennepin County, Minnesota.


Dated:   May 18, 2015                            s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge